UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. CROWDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1351 RLW |
| ) | |
| AVELO MORTGAGE, LLC d/b/a ) | |
| SENDERRA FUNDING LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Remand this Cause of Action Back to State Court for Lack of Jurisdiction, filed August 18, 2014. (ECF No. 11). Defendants filed their Suggestions in Opposition to Plaintiff's Motion to Remand on August 28, 2014. (ECF No. 15). Plaintiff has not filed a reply brief, but time for filing a reply brief has expired. See E.D. Mo. L.R. 4.01(c). This motion is fully briefed and ready for disposition.

## BACKGROUND

On or around June 24, 2014, Plaintiff Kenneth Crowder ("Plaintiff") brought this action against Defendants Avelo Mortgage, LLC d/b/a Senderra Funding LLC, Litton Loan Servicing, L.P., and Ocwen Loan Servicing, LLC (collectively, "Defendants") in the Circuit Court of St. Charles County, Missouri (hereinafter "Petition" or "Pet."; ECF No. 8). In the Petition, Plaintiff admits that, on or around October 31, 2008, he signed the Note and Deed of Trust for the property located at 2640 Hackmann Road, St. Charles, Missouri 63303 (hereinafter "the Property"). (Pet., ¶¶11-12). Plaintiff alleges that his then-wife, Kyleen Crowder, did not sign the Deed of Trust. (Id.) On March 28, 2012, Kyleen Crowder executed a quitclaim deed as to the Property pursuant

to a divorce settlement agreement. (Pet., ¶13). Plaintiff contends that the Deed of Trust is invalid because Kyleen Crowder's signature was forged and improperly notarized. (Pet., ¶18).

On August 1, 2014, Defendants removed the Petition to this Court based upon diversity jurisdiction. *See* Notice of Removal, ECF No. 1; 28 U.S.C. §§1332, 1441. As stated above, Plaintiff filed his Motion for Remand, requesting that the Court remand this case to state court for lack of federal question jurisdiction because the amount in controversy does not exceed $75,000. (ECF No. 11).

## STANDARD FOR REMOVAL/MOTION FOR REMAND

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009).

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)(quoting *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170, 1173 (8th Cir. 2008)). In a removal pursuant to diversity jurisdiction, the defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003); 28 U.S.C. § 1446(c)(2)(B). More precisely, the defendant must show by a preponderance that a fact finder "*might* legally conclude" that damages exceed $75,000. *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original). This burden "constitutes a pleading requirement, not a demand

for proof[,]" *id.* at 945 (internal quotation marks omitted), although facts outside of the pleadings may be used for additional support. *Yaeger v. Wyndham Vacation Resorts, Inc.*, 4:14-CV-795-JCH, 2014 WL 3130119, at *2 (E.D. Mo. July 8, 2014).

## DISCUSSION

In his Petition, Plaintiff asserts an action to quiet the title on the Property. In the Notice of Removal, Defendants assert that Plaintiff is a citizen of the State of Missouri, and none of the Defendants are citizens of the State of Missouri. (Notice of Removal, ECF No. 1, ¶¶ 14-28). Plaintiff does not dispute the citizenship of the parties, but argues that Defendants have not met their burden of proving the amount in controversy exceeds the jurisdictional limit of $75,000.00. Plaintiff states that the amount in controversy must be measured by the value to the plaintiff of the right sought to be enforced. (ECF No. 11-1 at 6) (citing *Armed Forces Bank, N.A. v. Gianulias*, 11-00974-CV-W-DGK, 2012 WL 1077894, at *2 (W.D. Mo. Mar. 30, 2012)("In a suit for injunctive relief, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced."). Plaintiff argues that the value to him "is not the full market value of the property." (ECF No. 11-1 at 7). Plaintiff states that he is not seeking relief from the loan and the amount of the loan is irrelevant to determining the amount in controversy. (*Id.*) "Instead, the value to Plaintiff is perhaps the value of the property minus the loan he still owes, or perhaps the value of the property encumbered versus the value of the property unencumbered." (*Id.*)

In response, Defendants contend that the amount-in-controversy requirement considers the "object" of the suit. (ECF No. 15). Defendants maintain that the object of the litigation must be the value of the Property because that is the value of the loan seeking to be avoided by Plaintiff. Defendants contend that they have met their burden regarding the amount in controversy because they have provided evidence that the current unpaid balance of the loan is $122,905.42 and, according to the public real estate information maintained by St. Charles County, Missouri, the

property has an appraised value of $96,388.00. (ECF No. 15 at 3; ECF No. 15-1); *see Kulovic v. BAC Home Loans Servicing, L.P.*, 4:10-CV-2058 CAS, 2011 WL 1483374, at *6 (E.D. Mo. Apr. 19, 2011)("Court finds that records from the St. Louis County Recorder of Deeds are public records and may be considered in deciding the pending motions to dismiss").

"[I]n a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010)(citing *Federated Mut. Implement & Hardware Ins. Co. v. Steinheider,* 268 F.2d 734, 737–38 (8th Cir. 1959); *Advance America Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170, 1173–74 (8th Cir. 2008)); *Wyatt v. Liberty Mortgage Corp.*, 4:13-CV-00317-DGK, 2013 WL 6730298, at *6 (W.D. Mo. Dec. 19, 2013)(citing *McLaughlin v. Mortg. Elec. Registration Sys. Inc., No.* 11–CV–1864–PHX–JAT, 2012 WL 1520123, at *2 (D. Ariz. May 1, 2012))("In a quiet title suit which essentially seeks a declaration to prevent or set aside a foreclosure sale, the amount in controversy is determined by value of the property."). To determine the value to the plaintiff, "a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact." *Usery*, 606 F.3d at 1019; *Portillo v. HSBC Mortgage Servs., Inc.*, CIV. 13-2370 DWF/JSM, 2014 WL 1431394, at * 3, n. 3 (D. Minn. Apr. 14, 2014).

The Court holds that Defendants have met their burden to demonstrate the amount in controversy by the preponderance of the evidence. Plaintiff seeks to invalidate the encumbrance on his property. In this quiet title action, the amount in controversy is what the property interest at issue is worth in the marketplace. *Usery,* 606 F.3d at 1019). Defendants have provided competent evidence that the current unpaid balance of the loan is $122,905.42 and the appraised value of the Property is $96,388.00. Based upon the objective evidence, the value of such encumbrance is in excess of the $75,000 jurisdictional amount. Plaintiff contends that the value of the litigation to him is not the full market value of the property, as set forth in *Usery*, but instead the value of the

Property minus the loan he still owes, or the value of the Property encumbered versus the value of the Property unencumbered. (ECF No. 11-1 at 6-7). Plaintiff, however, does not cite any case law in support of these alternative measures of damages. Further, although Plaintiff asserts that his action to quiet title "does not relieve the Plaintiff of the debt he owes to the Defendants," Plaintiff's prayers for relief request that "this Court … declare the forged Deed of Trust and mortgage null and void, enter judgment in his favor and against Defendant[s] stating that the Defendant[s] [have] no right, title or interest in the above described property, to quiet title in the property in the name of the Plaintiff only[.]" (ECF No. 8 at 8). Because Plaintiff is seeking free and clear title to the Property, the Court believes that the amount of the loan or the appraised value of the Property is the appropriate measure of the amount in controversy. Defendants have provided evidence that the remaining balance on Plaintiff's loan and the appraised value of the Property both exceed the $75,000 jurisdictional limit. Therefore, the Court holds that Defendants have met their burden of showing that the amount in controversy exceeds $75,000 by the preponderance of the evidence and that the Court has diversity jurisdiction over this cause of action. The Court denies Plaintiff's motion to remand.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand this Cause of Action Back to State Court for Lack of Jurisdiction (ECF No. 11) is **DENIED**.

Dated this __30th__ day of September, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE