UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. CROWDER, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1351 RLW |
| | ) |
| v. | ) |
| | ) |
| AVELO MORTGAGE, LLC d/b/a | ) |
| SENDERRA FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Motion and Memorandum in Support to Dismiss Defendants/Counter-Plaintiffs Counterclaim against Plaintiff/Counter-Defendant (ECF No. 21), Avelo Mortgage, LLC's Motion for Summary Judgment (ECF No. 31).

## BACKGROUND

Plaintiff Kenneth J. Crowder ("Crowder") and his former spouse, Kyleen Crowder ("Kyleen"), were married on May 2, 1995. (Defendant Avelo Mortgage LLC d/b/a Senderra Funding, LLC's Statement of Uncontroverted Material Facts ("DSUMF"), ¶2). In November 1997, Crowder and Kyleen purchased the property at 2640 Hackmann Road, St. Charles, MO 63303 (the "Property"). (DSUMF, ¶3). In September 2008, Crowder and Kyleen applied for a loan to refinance the mortgage on the Property. (DSUMF, ¶4). On or about October 31, 2008, Crowder refinanced the mortgage on the Property and secured a loan in the amount of $117,012.00. (DSUMF, ¶5). As security for the loan, on October 31, 2008, Crowder signed a deed of trust ("Avelo Deed of Trust") and Promissory Note ("Note") with Avelo encumbering the Property. (DSUMF, ¶¶6-9). The Avelo Deed of Trust provides:

> Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property . . . [property description] . . . BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and, demands subject to any encumbrances of record.
> (ECF No. 1-2).

On October 31, 2008, Kimberlie Preston notarized both signatures on the Avelo Deed of Trust and stamped the Avelo Deed of Trust with the Missouri Notary seal. (Complaint, ECF No. 8, ¶9; ECF No. 20, ¶10). After Crowder executed and delivered the Avelo Deed of Trust and Note to Avelo, Avelo transferred the mortgage servicing to Litton, and Litton subsequently transferred the mortgage servicing to Ocwen. (ECF No. 20, ¶11).

On January 15, 2009, Crowder filed a petition for dissolution of marriage from Kyleen. (DSUMF, ¶10). On March 28, 2009, Kyleen executed and delivered a quit claim deed releasing the Property to Crowder and relinquishing any interest she had in the Property. (DSUMF, ¶11). On May 6, 2009, Crowder and Kyleen were divorced, with the divorce registered in St. Charles County, Missouri. (DSUMF, ¶13).

Crowder has since defaulted on his obligations under the Note and Avelo Deed of Trust by, among other things, failing to make timely payments. (ECF No. 20, ¶13). Crowder brought this action to quiet title to the Property. (DSUMF, ¶1).

## DISCUSSION

### I. Motion for Summary Judgment

#### A. Motion for Summary Judgment Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

### B. Discussion

Crowder filed his petition to quiet title against Avelo. (ECF No. 8, hereinafter "Complaint"). "A suit to quiet title is a special statutory action to adjudge respective estates, titles and interests of several claimants to land." *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo. Ct. App. 1993)

(citing *Moss v. Moss,* 706 S.W.2d 884, 887 (Mo.App.1986); §527.150.1, R.S.Mo.). Section 527.150.1 provides:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

"A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996) (citing *Willy v. Lieurance,* 619 S.W.2d 866, 869 (Mo. Ct. App. 1981)).

Crowder alleges that the Avelo Deed of Trust is invalid because Kyleen never signed the document. (Complaint, ¶¶18-10). Crowder contends that because Kyleen did not sign the Avelo Deed of Trust then the Property remains unencumbered as security for any mortgage debt to Avelo. (Complaint, ¶¶19-20). Crowder believes that the Property was titled in the name of Crower and Kyleen as tenants by the entireties. Crowder contends that, if his spouse (Kyleen) did not join in the conveyance, then the Avelo Deed of Trust was void and ineffective to create a security interest in the Property because Crowder alone could not convey a valid deed of trust on a property held by tenancy in the entirety. *See Ethridge v. TierOne Bank,* 226 S.W.3d 127, 133 (Mo. 2007).

In its Motion for Summary Judgment, Avelo contends that Crowder is precluded from contesting the validity of the Avelo Deed of Trust based upon the statutory defense of after-acquired title, which provides:

> Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance.

Mo.Rev.Stat. §442.430. Avelo notes that Crowder warranted title to the trustee of the deed of trust ("Trustee") in the Avelo Deed of Trust. Further, Kyleen conveyed all of her interest in the Property to Crowder in connection with their divorce after the Avelo Deed of Trust had been executed and recorded. Avelo contends that Crowder's intent to convey an indefeasible estate in fee simple is evident based upon the language of the Avelo Deed of Trust. (ECF No. 32 at 4). Avelo maintains that the Deed of Trust conveyed to the Trustee an indefeasible estate in fee simple absolute when Crowder covenanted that he was lawfully seised of the Property, that he had the right to convey the Property, that the Property was unencumbered, and that he warranted to defend the title to the Property. (ECF No. 32 at 4). Because deeds of trust are subject to the after acquired title statute, Avelo states that Crowder cannot demonstrate that the absence of Kyleen's signature would invalidate the Avelo Deed of Trust. (ECF No. 32 at 5 (citing *Seaman v. Seaman*, 181 S.W. 22 (Mo. 1915); *Hume v. Hopkins*, 41 S.W. 784 (Mo. 1897)).

Avelo further maintains that after acquired title is not an affirmative defense that had to be pleaded under Rule 8(c), but rather a defect to Crowder's own pleadings. (ECF No. 39 at 1-2). Avelo contends that the after acquired title doctrine "simply undercuts Crowder's position by giving effect to Crowder's warranty of title to Avelo in the Avelo Deed of Trust now that Crowder has sole title to the Property." (ECF No. 39 at 2). Further, Avelo contends that, even if

- 5 -

"after acquired title" is an affirmative defense, Avelo may still raise it because Crowder cannot claim unfair surprise or prejudice. (ECF No. 39 at 2-3; *Fin. Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 945 (8th Cir. 1990) (quoting *Allied Chemical Corp. v. Mackay*, 695 F.2d 854, 855 (5th Cir. 1983) ("When an affirmative defense 'is raised in the trial court in a manner that does not result in unfair surprise, ... technical failure to comply with Rule 8(c) is not fatal.'"). Avelo states that Crowder cannot claim unfair surprise or prejudice because application of the after acquired title doctrine merely attacks Crowder's assertion that the Deed of Trust was ineffective because Kyleen allegedly did not sign it and rests on facts pleaded in Crowder's own Complaint and affidavit. Further, Avelo does not believe that Crowder can establish any prejudice because Crowder could not have amended his any facts to counter the after acquired title defense. Moreover, Crowder notes that sufficient time existed (and exists) before the trial date in this case. (ECF No. 39 at 2).

Moreover, Avelo contends that the after acquired title doctrine applies when, as in the Avelo Deed of Trust, the grantor "by the terms of his deed undertakes to convey to the grantee an indefeasible estate in fee simple absolute." §442.430, R.S. Mo. Crowder's "intent to convey an indefeasible estate in fee simple is effected by use of a covenant in the deed, by the grantor, in which the grantor represents ownership at the time of the execution of the deed of an indefeasible estate in fee simple." *Webster Oil Co. v. McLean Hotels, Inc.*, 878 S.W.2d 892, 894 (Mo. Ct. App. 1994). Avelo argues that, contrary to Crowder's interpretation, *Webster Oil* does not require the words "grant, bargain, and sell" to convey an indefeasible estate in fee simple absolute. (ECF No. 39 at 6 (citing §442.420)). Rather than being the exclusive means of conveying property in fee simple, Avelo argues that "[i]t is sufficient that the deed purport[s] to convey the property in fee simple absolute by making positive averments that the grantor is

seized and possessed of an estate in the property which the deed undertakes to convey and confirm to the grantee." (ECF No. 39 at 6 (citing *Gibson v. Chouteau*, 39 Mo. 536, 567-68 (1866) ("It must contain such positive and certain averments of an absolute title in fee simple as would amount to an express warranty, if contained in a covenant of warranty, that the grantor was seized and possessed of such title and estate, which he undertook to convey, assure and confirm to the grantee against all the world, and would therefore create an estoppel by virtue of which the subsequently acquired title might enure to the grantee.")). Avelo maintains that the Missouri HUD form Avelo Deed of Trust "makes the necessary positive averments to convey an indefeasible estate in fee simple absolute." (ECF No. 39 at 6).

Finally, Avelo asserts that Crowder cannot rely on the defense of unclean hands because the alleged wrong here was to Kyleen, not Crowder. (ECF No. 39 at 7 (citing *Price v. Ridler*, 373 S.W.2d 59, 62 (Mo. 1963)). "The wrong must have been done to the defendant himself and not to some third party." *Price*, 373 S.W.2d at 62. Here, Crowder does not allege that he was defrauded, rather the only victim of the alleged fraud was Kyleen. (ECF No. 39 at 7). Further, Avelo asserts that application of the unclean hands doctrine in this case would work injustice because clearly Crowder would be unjustly enriched in that he has received the loan and loan proceeds at Avelo's expense.

In response, Crowder raises several issues that he claims preclude summary judgment. First, he maintains that the after acquired title statute is an affirmative defense that should have been raised in Avelo's answer. (ECF No. 37 at 1-3). Crowder argues that because Avelo did not raise the after acquired title statute in its answer then that defense is waived. (ECF No. 37 at 2) (citing Mo. S. Ct. R. 55.08). Crowder further argues that the Court should not allow Avelo to amend its answer under Mo. S. Ct. R. 55.33(a) and add this affirmative defense because it would be

prejudicial to Crowder. (ECF No. 37 at 2-3). Crowder claims that Avelo is asserting this defense too late in the litigation process and that Avelo's assertion of this defense stifled the mediation process.

Even if Avelo is allowed to assert the after acquired title defense, Crowder still maintains that summary judgment is not permissible based upon the merits. First, Crowder contends that, in order to take advantage of the after acquired mortgage defense, the grantee must believe that he is acquiring full legal title to the property at the time of the initial conveyance. (ECF No. 37 at 5). Crowder claims that Avelo knew Crowder, without Kyleen, could not convey full legal title to the Property at the time of the closing on October 31, 2008. (ECF No. 37 at 5-7 (citing *Ronollo v. Jacobs*, 1988 Mo. App. LEXIS 1712 (Mo. Ct. App. 1989); *Ethridge v. TierOne Bank*, 226 S.W.3d 127 (Mo. 2007); *Fed. Nat. Mortgage Ass'n v. Pace*, 415 S.W.3d 697 (Mo. Ct. App. 2013); *US Bank Nat. Ass'n v. Cox*, 341 S.W.3d 846 (Mo. Ct. App. 2011)). Crowder further contends that Avelo knew or should have known that Crowder could not convey a full fee and, therefore, Avelo is not entitled to the after acquired title defense. (ECF No. 37 at 8).

In addition, Crowder states that the Avelo Deed of Trust does not contain the correct language to convey the Property. Crowder relies on *Webster Oil Co. v. McLean Hotels, Inc.*, 878 S.W.2d 892, 894 (Mo. Ct. App. 1994) for the proposition that the Avelo deed of trust did not convey fee simple interest because it did not use the language "grant, bargain and sell" pursuant to section 442.420. (ECF No. 37 at 8-9). Crowder claims that lesser language was used because the parties realized that Crowder could not convey full title.

Finally, Crowder contends that Avelo cannot take advantage of the after acquired title defense because it is an equitable doctrine and Avelo has "unclean hands." (ECF No. 37 at 9-10). Crowder asserts that Avelo's hands are unclean because Kyleen's signature and signature of

the notary for Kyleen's signature are both forgeries. In addition, Defendants refused to give Crowder a copy of the October 31, 2008 closing documents.

The Court will grant Avelo's Motion for Summary Judgment. First, the Court holds that Avelo properly raised the after acquired title defense in its summary judgment motion. The Court believes that the after acquired title defense is not an affirmative defense but rather identifies a pleading defect which is properly raised in a motion for summary judgment. *See Masuen v. E.L. Lien & Sons, Inc.*, 714 F.2d 55, 57 (8th Cir. 1983) (quoting *Sanden v. Mayo Clinic,* 495 F.2d 221, 224 (8th Cir. 1974) ("'If the defense involved is one that merely negates an element of the plaintiff's prima facie case ... it is not truly an affirmative defense and need not be pleaded despite rule 8(c).'"). Further, even if Avelo had been required to raise such an issue in an affirmative defense, Crowder has not demonstrated prejudice or unfair surprise. Avelo filed its Motion for Summary Judgment on February 2, 2015. Crowder has had more than seven (7) months to amend his pleading or to file a Rule 56(d) motion to request time to take discovery in order to respond to the motion. Crowder has done neither. The Court does not believes that Crowder has been prejudiced by any failure to raise the after acquired title defense as an affirmative defense.

Further, the Court does not believe that the cases cited by Crowder preclude this Court from applying the after acquired title doctrine in this case. Here, viewing all disputed facts in favor of Crowder, the Court applies the after acquired title doctrine to find in favor of Avelo on Crowder's claim for quiet title.[1] The case law cited by Crowder is inapposite to the instant case. The *Ronollo v. Jacobs* opinion cited by Crowder was superseded by *Ronollo v. Jacobs,* 775

---

[1] Crowder argues that by bringing this Motion for Summary Judgment Avelo has admitted that Kyleen's signature is a forgery. (ECF No. 37 at 5). Crowder misapprehends the summary judgment standard.

S.W.2d 121 (Mo. 1989), which declined to adopt the reasoning cited by Crowder. Likewise, *Ethridge v. TierOne Bank*, 226 S.W.3d 127 (Mo. 2007), *Fed. Nat. Mortgage Ass'n v. Pace*, 415 S.W.3d 697 (Mo. Ct. App. 2013), and *US Bank Nat. Ass'n v. Cox*, 341 S.W.3d 846 (Mo. Ct. App. 2011) are distinguishable because the parties who did not sign the deeds of trust were the parties challenging the deeds of trust—not the parties who admitted that they signed the note and deeds of trust. Here, Crowder signed the Avelo Deed of Trust, but is challenging it even though he is now the sole owner of the Property. *See* ECF No. 37 at 5. Thus, Crowder is not in the same position as in the cases cited by him.

The Court also holds that Crowder properly conveyed an indefeasible estate in fee simple. (ECF No. 37 at 5-6). The Avelo Deed of Trust is a Missouri HUD form deed of trust which provides:

> Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property . . . [property description] . . . BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and, demands subject to any encumbrances of record.
> (ECF No. 1-2).

The Court agrees that the words "grant, bargain, and sell" invoke statutory covenants of conveying an indefeasible estate in fee simple absolute. *See* §442.420, R.S. Mo. Nevertheless, the Court finds that the language in the Avelo Deed of Trust sufficiently conveyed the Property in fee simple by making positive statements that the grantor was seized of the estate and that he would defend title to the Property against all claims. The statute does not require that the deed of trust use the words "grant, bargain and sell" so as to invoke the statutory covenants of §442.430, R.S.Mo. (ECF No. 47 at 8). Under Missouri law, parties can use whatever express covenants of title they choose to convey an indefeasible estate in fee simple in conveyance documents.

*Webster Oil Co. v. McLean Hotels, Inc.*, 878 S.W.2d 892, 894 (Mo. Ct. App. 1994) ("A conveyance of real estate passes the entire ownership interest held by the conveying instrument's grantor unless the instrument shows, expressly or by necessary implication, the grantor's intent to pass a lesser interest."). Further, unlike in *Webster*, the Avelo Deed of Trust contains no language that would demonstrate Crowder's intent to convey anything less than an indefeasible estate in fee simple. The Court holds that the Avelo Deed of Trust operates to convey Crowder's after acquired title in the Property to Avelo. Likewise, under the statute, Avelo is not required to prove any knowledge regarding the ownership of the Property at the time of transfer. Crowder's covenants are all that are required. *See* §442.430, R.S. Mo. The statute does not require that Avelo establish all of the elements of estoppel for it to apply.

Finally, the Court holds that Crowder fails to create an issue of material fact with respect to his claim that Avelo has unclean hands. The Court agrees that Crowder cannot assert the defense of unclean hands because the fraud alleged is personal to Kyleen, not Crowder. Therefore, Crowder cannot assert unclean hands as a defense in this action. *See Price*, 373 S.W.2d at 62.

## II. Motion to Dismiss

### A. Standard of Review

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## B. Discussion

On January 2, 2015, Ocwen Loan Services, LLC, Litton Loan Servicing, L.P., and Avelo (collectively, "Mortgage Companies"), filed a Counterclaim requesting that this Court impose an equitable lien against Crowder in the event that this Court finds the relevant deed of trust void. (ECF No. 20). Crowder filed a motion to dismiss Defendants' counterclaim for failure to state a claim. (ECF No. 21). Crowder argues that the Mortgage Companies failed to state a claim because Kyleen never signed the Deed of Trust and, therefore, the Deed of Trust is "legally null and void." (ECF No. 21, ¶10). Citing *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 129 (Mo. 2007), Crowder argues that a deed by only one of the two tenants in the entirety conveys nothing. (ECF No. 21 at 3-4). Crowder contends that, in *Ethridge*, the Missouri Supreme Court denied recovery under equitable relief, equitable reformation, equitable estoppel, and equitable lien theories and that the same reasoning applies here.

In response, Defendants argue that the case law cited by Plaintiff is inapposite. The cases cited by Plaintiff involved a lender who sought an equitable lien against a person that never

signed a promissory note. Here, Mortgage Companies seek an equitable lien against Crowder, who indisputably signed both the promissory note and the deed of trust. (ECF No. 24 at 2).

The Court denies the Motion to Dismiss because the Mortgage Companies state a claim for equitable relief. "The requirements to establish an equitable lien include: 1) a duty or an obligation owing by one person to another; 2) a res to which that obligation fastens, which can be identified or described with reasonable certainty; and [3)] an intent, express or implied, that the property serve as security for the payment of the debt or obligation." *Iota Mgmt. Corp. v. Boulevard Inv. Co.*, 731 S.W.2d 399, 420 (Mo. Ct. App. 1987).

The Court holds that mere fact that Crowder owes a debt to the Mortgage Companies is sufficient to establish the first element for an equitable lien on the Property against Borrower. *See* ECF No. 24 at 4. The Court notes that Crowder signed the deed of trust, giving the Mortgage Companies an interest. Although Plaintiff relies heavily on *Ethridge*, the Missouri Supreme Court in that case refused to impose an equitable lien on the wife because the wife did not sign the promissory note and, therefore, the court held that she did not owe a debt to the lender. Here, the Court finds that because Crowder himself signed the Deed of Trust and Note giving the Mortgage Companies interests in the Property the reasoning of *Ethridge* is inapplicable here because it is undisputed that Crowder refinanced and signed the loan that is the subject of this lawsuit. (ECF No. 24 at 3).

Further, the Court finds that the Mortgage Companies have alleged the other two requirements for an equitable lien. The Mortgage Companies have identified that "[a]s security for the Loan, Borrower executed and delivered a Deed of Trust and Promissory Note to Avelo encumbering his residence located at 2640 Hackmann Road, St. Charles, Missouri 63303."

(Counterclaim, ¶8). Indeed, Crowder also alleged in his Complaint that he signed a Deed of Trust encumbering the Property in order to secure the Loan. (Complaint, ¶¶5-7).

Finally, the Court holds that the Mortgage Companies have alleged that "all parties" to the lawsuit intended that the Property serve as security for the payment of Crowder's debt. (Counterclaim, ¶¶19-20). In addition, the Promissory Note and Deed of Trust, both of which are signed by Crowder, provide an express intent that the Property would serve as security for the Loan. (Counterclaim, ¶20; Complaint, ¶7). The Court holds that this language is more than sufficient to demonstrate an intent to encumber the Property as security for the payment of Crowder's debt. *See Iota Mgmt. Corp. v. Boulevard Inv. Co.*, 731 S.W.2d 399, 421 (Mo. Ct. App. 1987) ("All that is required is an implied intent that the property or its proceeds serve as security for an obligation.")

Thus, the Court finds that the Mortgage Companies have alleged all of the elements of a claim for an equitable lien. The Court denies Plaintiff's Motion to Dismiss the Counterclaim.

### III. Supplemental Memoranda

On at least two occasions, Plaintiff asked for leave to file an "Additional Supplemental Memorandum" or a sur-sur reply in opposition to Avelo's Motion for Summary Judgment. These motions were filed several months ago, but Plaintiff has never filed a proposed supplemental memorandum. Instead, Plaintiff has asked for leave to file such a memorandum at a later date or filed a "draft" memorandum. The Court denies Plaintiff's request to file additional memoranda in opposition to Avelo's motion for summary judgment because Plaintiff has not demonstrated

that additional briefing is necessary, particularly since Plaintiff has never filed a final proposed supplemental memorandum.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Motion and Memorandum in Support to Dismiss Defendants/Counter-Plaintiffs Counterclaim against Plaintiff/Counter-Defendant (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Avelo Mortgage, LLC's Motion for Summary Judgment (ECF No. 31) is **GRANTED**. Plaintiff's claim for equitable relief against Avelo Mortgage LLC is **DISMISSED** with prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave of Court to File an Additional Supplemental Memorandum in Opposition to the Defendants Motion for Summary Judgement and Motion for Additional Time in Which to File Said Memorandum (ECF No. 48) and Plaintiff's Amended Motion for Leave of Court to File a Draft of the Additional Supplemental Memorandum in Opposition to the Defendants Motion for Summary Judgment and Time to File a Final Version of the Motion (ECF No. 49) are **DENIED**.

Dated this 14th day of September, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that it struck Plaintiff's proposed preliminary supplemental memorandum because the Court does not accept drafts or issue advisory opinions. (ECF No. 52).